

1  Thomas R. Beer (148175)
2  tbeer@bargerwolen.com
   Peter J. Felsenfeld (260433)
3  pfelsenfeld@bargerwolen.com
4  BARGER & WOLEN LLP
   650 California Street, 9th Floor
5  San Francisco, California  94108
6  Telephone:    (415) 434-2800
   Facsimile:    (415) 434-2533
7
8  Attorneys for Plaintiff
   AMERICAN HOME ASSURANCE
9  COMPANY

**JSC**

10
11            **UNITED STATES DISTRICT COURT**
12           **NORTHERN DISTRICT OF CALIFORNIA**

CV 11 **5387**

13

| | |
|---|---|
| 14  AMERICAN HOME ASSURANCE COMPANY, | ) CASE NO.: |
| 15 | ) |
| 16          Plaintiffs, | ) **COMPLAINT FOR EQUITABLE** ) **INDEMNITY, EQUITABLE** ) **SUBROGATION, EQUITABLE** |
| 17       vs. | ) **CONTRIBUTION, AND** ) **DECLARATORY RELIEF** |
| 18  STATE FARM MUTUAL | ) |
| 19  AUTOMOBILE INSURANCE | ) |
| 20  COMPANY, | ) |
| 21          Defendant. | ) |
| 22 | ) |

23
24
25
26
27
28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1      Plaintiff American Home Assurance Company ("American Home") complains

2 of the above-named Defendant as follows:

3                               **THE PARTIES**

4      1.      American Home is a New York corporation that maintains its principal

5 place of business in New York, New York.

6      2.      On information and belief, Defendant State Farm Mutual Automobile

7 Insurance Company ("State Farm") is an Illinois corporation that maintains its

8 principal place of business in Bloomington, Illinois.

9                             **JURISDICTION**

10      3.      This is an action, in part, for declaratory judgment pursuant to 28 U.S.C.

11 § 2201 for the purpose of determining an actual controversy between the parties.

12 Jurisdiction is based on the diversity of citizenship between the parties. The amount

13 in controversy exceeds the sum of $75,000 exclusive of interest and costs.

14 Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

15                                 **VENUE**

16      4.      Venue is proper in this court pursuant to 28 U.S.C. § 1391.

17                       **NATURE OF THE ACTION**

18      5.      State Farm and American Home both owed a duty to defend and

19 indemnify the insured they had in common, David T. Beatson, pursuant to the

20 respective liability insurance policies they issued, as to the claim asserted against Mr.

21 Beatson and his employer, Heidenhain Holding, Inc. ("Heidenhain"), by Ms. Young

22 Park. Ms. Park had filed a complaint against Mr. Beatson, Confero Solutions, Inc.

23 ("Confero"), Heidenhain, and Avis Budget Group, Inc. ("Avis"), which sought to

24 recover monetary damages as a result of an automobile collision on or about July 18,

25 2007, which resulted in physical and personal injuries to Ms. Park. American Home

26 promptly fulfilled its duty and defended its insureds, and thereafter settled the claim

27 on their behalf. State Farm, however, refused either to defend or indemnify its

28 insured, Mr. Beatson, and continues to refuse to contribute any amount to defense

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-1-
COMPLAINT

1  costs or indemnity under the referenced settlement. State Farm must reimburse
2  Plaintiff for the defense fees, costs, and related expenses that Plaintiff has paid, plus
3  interest, in an amount according to proof.

## THE POLICIES

5  6. Upon information and belief, Confero (now defunct), was a wholly-
6  owned subsidiary of Heidenhain (also now defunct). Mr. Beatson was President of
7  Confero at the time of the automobile collision.

8  7. State Farm issued a personal auto policy to David T. Beatson and Lisa S.
9  Beatson, Policy No. 087 5791-B17-38B (the "State Farm Policy"), with Bodily Injury
10 policy limits of $250,000 per person and $500,000 each accident, and Property
11 Damage limits of $100,000 each accident. The policy was in effect on the date of the
12 loss giving rise to the underlying claim, July 18, 2007. The State Farm Policy
13 specifically provided coverage to the insured when the insured drove a rental car, as
14 was the case in the subject automobile collision. Pertinent excerpts from that policy
15 as produced by State Farm are attached hereto as Exhibit 1 and incorporated herein
16 by reference.

17 8. Plaintiff American Home issued to Heidenhaim a business auto package
18 policy, Policy No. 669-11-14 (the "American Home Policy") providing coverage,
19 including business automobile liability coverage, from January 1, 2007 to January 1,
20 2008. Confero and David T. Beaton were insureds under the American Home Policy.
21 Pertinent excerpts from that policy are attached hereto as Exhibit 2 and incorporated
22 herein by reference.

## THE UNDERLYING CLAIM

24 9. Young Park (the "Underlying Plaintiff") filed a complaint against David
25 Beatson, Confero, Heidenhain, and Avis (the "Underlying Defendants") in the
26 Superior Court, County of San Francisco, State of California, Case No. CGC-
27 09490037 (the "Underlying Action") which arose out of alleged negligent acts or
28 omissions by the Underlying Defendants. The Underlying Plaintiff sought to recover

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
COMPLAINT

1  monetary damages as a result of the automobile collision that took place on or about

2  July 18, 2007 between the car she was driving and the rental car driven by David

3  Beatson which resulted in alleged physical and personal injuries to the Underlying

4  Plaintiff.

5      10.    Based on these allegations, Ms. Park claimed, *inter alia*, that the

6  collision caused her permanent physical disabilities and economic loss, as well as

7  property damage to her car.

8                          **STATE FARM WAS PUT ON TIMELY NOTICE**

9                         **OF THE CLAIM AGAINST ITS INSURED**

10      11.    The Underlying Defendants tendered the defense of the Underlying

11  Action to American Home, which promptly accepted the tender and provided them a

12  defense in the Underlying Action.

13      12.    On information and belief, the Underlying Defendants tendered the

14  defense of the Underlying Action to State Farm promptly, and well before the

15  Underlying Action was settled.

16      13.    Prior to settling the Underlying Action, American Home requested that

17  State Farm contribute to the defense and indemnification of Mr. Beatson.

18      14.    Other than asking for a copy of the American Home Policy, State Farm

19  did nothing by way of defending or contributing to the defense of its insured, nor

20  anything by way of settling or contributing to the settlement of the Underlying

21  Action.

22      15.    To date, American Home has paid indemnity, defense fees, costs, and

23  related expense, in an amount according to proof, on behalf of Mr. Beatson.

24                           **FIRST CLAIM FOR RELIEF**

25                           **(Equitable Indemnity)**

26      16.    American Home realleges and incorporates by reference each of the

27  allegations made in paragraphs 1 to 15, inclusive.

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-3-
COMPLAINT

1    17.    State Farm declined coverage for the Underlying Action and refused to

2    participate in the defense of the Underlying Defendants, or any of them.

3    18.    State Farm had a duty to defend and indemnify the Underlying

4    Defendants.

5    19.    Because State Farm failed to meet its obligations to provide a defense or

6    coverage to the Underlying Defendants, American Home provided such defense and

7    coverage, in full, and contributed more than its equitable proportionate share of

8    indemnity and defense costs.

9    20.    State Farm must now reimburse American Home for State Farm's

10   equitable proportionate share of indemnity and defense costs in connection with the

11   Underlying Action, plus interest.

12                        **SECOND CLAIM FOR RELIEF**
                         **(Equitable Subrogation)**
13

14   21.    American Home realleges and incorporates by reference each of the

15   allegations made in paragraphs 1 to 20, inclusive.

16   22.    State Farm declined coverage for the Underlying Action and refused to

17   participate in the defense of the Underlying Defendants, or any of them.

18   23.    State Farm had a duty to defend and indemnify the Underlying

19   Defendants.

20   24.    The Underlying Defendants, therefore, suffered a loss for which State

21   Farm is legally responsible.

22   25.    The Underlying Defendants have an existing, assignable cause of action

23   against State Farm for its erroneous failure to provide them a defense and

24   indemnification under the State Farm Policy which the Underlying Defendants could

25   have asserted for their own benefit had they not been compensated for their loss by

26   American Home.

27   26.    American Home suffered damages in an amount according to proof by

28   paying defense costs and indemnity owed by State Farm.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-4-
COMPLAINT

1  27.   The equities require that the loss suffered by American Home be shifted

2  entirely from American Home to State Farm, whose equitable position is inferior to

3  that of American Home.

### THIRD CLAIM FOR RELIEF
### (Equitable Contribution)

6  28.   American Home realleges and incorporates by reference each of the

7  allegations made in paragraph 1 to 27, inclusive.

8  29.   State Farm declined coverage for the Underlying Action and refused to

9  participate in the defense of the Underlying Defendants, or any of them.

10  30.   State Farm had a duty to defend and indemnify the Underlying

11  Defendants.

12  31.   Because State Farm failed to meet its obligations to provide a defense or

13  coverage to the Underlying Defendants, American Home provided such defense and

14  coverage, in full, and contributed more than its equitable proportionate share of

15  indemnity and defense costs.

16  32.   American Home is entitled to reimbursement from State Farm for the

17  equitable proportionate share of indemnity and defense costs that State Farm should

18  have paid in connection with the Underlying Action, plus interest.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment)

21  33.   American Home realleges and incorporates by reference each of the

22  allegations made in paragraph 1 to 32, inclusive.

23  33.   State Farm declined coverage for the Underlying Action and refused to

24  participate in the defense of the Underlying Defendants, or any of them.

25  34.   State Farm had a duty to defend and indemnify the Underlying

26  Defendants.

27  35.   Because State Farm failed to meet its obligations to provide a defense or

28  coverage to the Underlying Defendants, American Home provided such defense and

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-5-
COMPLAINT

1  coverage, in full, and contributed more than its equitable proportionate share of
2  indemnity and defense costs.

3      36.     State Farm must now reimburse American Home for State Farm's
4  equitable proportionate share of indemnity and defense costs in connection with the
5  Underlying Action, plus interest.

6      37.     A present and actual controversy exists between American Home and
7  State Farm insofar as State Farm continues to refuse to meet its obligation to provide
8  a defense and indemnity to the Underlying Defendants.

9      WHEREFORE, Plaintiff requests trial by jury and prays judgment as follows:

10     1.      Declaring that State Farm is obligated to reimburse American Home for
11 all defense fees, costs, related expense, and indemnity that American Home has paid
12 in excess of American Home's equitable proportionate share, together with interest
13 thereon, including prejudgment interest, in connection with the Underlying Action.

14     2.      For such other and further relief as the Court deems proper.

16 DATE:  November 7, 2011              BARGER & WOLEN LLP

19                                By: _____
                                      Thomas R. Beer
20                                    Peter J. Felsenfeld
21                                    Attorneys for Plaintiff
                                      AMERICAN HOME ASSURANCE
22                                    COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-6-
COMPLAINT

# EXHIBIT "1"

**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



CHARTIS-O DP's DEC 28 2010

December 21, 2010

CHARTIS INSURANCE
ATTN RAY ADAMS
PO BOX 25588
SHAWNEE MISSION KS 66225

Emeryville Operations Center
PO Box 25005
Bakersfield, CA 93390-5005
877 587 6200 Fax 800 440 6176

RE:  Our Insured:        David Beatson
     Claim Number:       38-L973-168
     Date of Loss:       July 18, 2007
     Case Title:         *Park v. Beatson and Confero Solutions, Inc.*
     Case Number:        San Francisco Superior CGC-090490037
     Your File Number:   CASF-04517 (BAC)
     Your Claim Number:  684 191898

Dear Mr. Adams:

Per your request, please find enclosed the policy documents for Mr. Beatson's State Farm Automobile policy.

Please feel free to contact me if you have any questions.

Sincerely,

Jerry He
Claim Representative
877 587 6200 ext 596 1673
State Farm Mutual Automobile Insurance Company

02/043/633175

Enclosures:   Policy Documents

cc:   Barbara Ann Caulfield (without enclosures) *via fax 415-836-3104*

**State Farm Mutual Automobile Insurance Company**
Home Office, Bloomington, Illinois 61710



Concordville Operations Center
One State Farm Drive
Concordville, Pennsylvania 19339-0001

## CERTIFICATE

I, the undersigned, do hereby certify that I am custodian of the records pertaining to the issuance of policies by the Eastern Pennsylvania Division of the State Farm Mutual Automobile Insurance Company of Bloomington, Illinois.

I further certify that the attached policy, number 087 5791-B17-38B is a copy of the policy issued to David T. & Lisa S. Beatson of 485 GREENWOOD RD, KENNETT SQ, PA 19348-2547 together with any endorsements issued subsequently based on our available records.

Endorsements:
6102AA, 6127AW, 6938

The policy was in effect on the loss date of July 18, 2007.

Robert V. Crisanti
**UNDERWRITING TEAM MANAGER**

State of Pennsylvania

County of Delaware

Subscribed and sworn to before me this 9th day of December, 2010.

**NOTARY PUBLIC**

My Commission Expires:

March 7, 2011

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Donna M. Yeager, Notary Public
Concord Twp., Delaware County
My Commission Expires March 7, 2011
Member, Pennsylvania Association of Notaries

POOR IMAGE QUALITY

DOCUMENT CODE 91

| | 009 |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | STATE FARM FIRE AND CASUALTY COMPANY |

Applicant/Insured Name _____    Policy Number _____

Date _____ Agent's Code _____          Company Use

I understand that this acknowledgment of coverage selection shall be applicable, as of the date specified above, to the policy of insurance identified above, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

## TORT OPTIONS

**NOTICE TO NAMED INSUREDS**

**A.** **"Limited Tort" Option** - The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy, or unless one of several other exceptions noted in the policy applies. The annual premium for basic coverage as required by law under this "limited tort" option is $ 679.0 .

Additional coverages under this option are available at additional cost.

**B.** If you wish to choose the "limited tort" option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described in paragraph C and you will be charged the "full tort" premium.

I wish to choose the "limited tort" option described in paragraph A:

_____          _____
Signature of a Named Insured                 Date

**C.** **"Full Tort" Option** - The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers. The annual premium for basic coverages as required by law under this "full tort" option is $ 602.26 .

Additional coverages under this option are available at additional cost.

**D.** If you wish to choose the "full tort" option described in paragraph C, you must sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described in paragraph C and you will be charged the "full tort" premium.

I wish to choose the "full tort" option described in paragraph C:

_Vissi S Beatton_____          _8/17/05.___
Signature of a Named Insured                 Date

**E.** You may contact your insurance agent, broker or company to discuss the cost of other coverages.

DOCUMENT CODE 92

009

<table>
<tr><td>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY</td><td>STATE FARM FIRE AND CASUALTY COMPANY</td></tr>
</table>

Applicant/Insured Name _____    Policy Number _____

Date _____ Agent's Code _____    Company Use

I understand that this acknowledgment of coverage selection shall be applicable, as of the date specified above, to the policy of insurance identified above, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

## PENNSYLVANIA UNINSURED MOTORIST COVERAGE
### (Acknowledgment of Coverage Selection)

Pennsylvania law requires that no motor vehicle liability insurance policy shall be delivered or issued for delivery unless coverage has been made available for bodily injury for persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.

Uninsured Motor Vehicle - Coverages U and U3 are available with limits up to the Bodily Injury Liability limits. Coverage U or U3 will be written at the Bodily Injury Liability limits unless a named insured selects lower limits or rejects the coverage entirely. (Minimum limits are the financial responsibility limits for bodily injury liability.)

I acknowledge that I have been given the opportunity to purchase Uninsured Motor Vehicle Coverage limits up to my Bodily Injury Liability limits but instead:

I select Uninsured Motor Vehicle Coverage limits of $ _250,000_ /$ _500,000_ in lieu
of the higher limits made available to me.    per person    per accident

_Lisa S. Beatson_    _8/17/05_
Signature of a Named Insured    Date

## PENNSYLVANIA UNDERINSURED MOTORIST COVERAGE
### (Acknowledgment of Coverage Selection)

Pennsylvania law requires that no motor vehicle liability insurance policy shall be delivered or issued for delivery unless coverage has been made available for bodily injury for persons who are legally entitled to recover damages from owners or operators of underinsured motor vehicles.

Underinsured Motor Vehicle - Coverages W and W3 are available with limits up to the Bodily Injury Liability limits. Coverage W or W3 will be written at the Bodily Injury Liability limits unless a named insured selects lower limits or rejects the coverage entirely. (Minimum limits are the financial responsibility limits for bodily injury liability.)

I acknowledge that I have been given the opportunity to purchase Underinsured Motor Vehicle Coverage limits up to my Bodily Injury Liability limits but instead:

I select Underinsured Motor Vehicle Coverage limits of $ _250,000_ /$ _500,000_ in
lieu of the higher limits made available to me.    per person    per accident

_Lisa S. Beatson_    _8/17/05_
Signature of a Named Insured    Date

DOCUMENT CODE 94

009

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**    **STATE FARM FIRE AND CASUALTY COMPANY**

Applicant/Insured Name _David & Lisa Beatson_    Policy Number _____

Date _8/17/05_   Agent's Code _6862_    Company Use

I understand that this acknowledgment of coverage selection shall be applicable, as of the date specified above, to the policy of insurance identified above, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

**THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA, AS ENACTED BY THE GENERAL ASSEMBLY, ONLY REQUIRE THAT YOU PURCHASE LIABILITY AND FIRST-PARTY MEDICAL BENEFIT COVERAGES. ANY ADDITIONAL COVERAGES OR COVERAGES IN EXCESS OF THE LIMITS REQUIRED BY LAW ARE PROVIDED ONLY AT YOUR REQUEST AS ENHANCEMENTS TO BASIC COVERAGES.**

### IMPORTANT NOTICE

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:

(1)   Medical benefits, up to at least $100,000.

(1.1) Extraordinary medical benefits, from $100,000 to $1,100,000 which may be offered in increments of $100,000.

(2)   Income loss benefits, up to at least $2,500 per month up to a maximum benefit of at least $50,000.

(3)   Accidental death benefits, up to at least $25,000.

(4)   Funeral benefits, $2,500.

(5)   As an alternative to paragraphs (1), (2), (3) and (4), a combination benefit, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first, subject to a limit on accidental death benefit of up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of section 1715(d) (relating to availability of adequate limits).

(6)   Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company.

If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

Signature of an Applicant or an Insured _Lisa A. Beatson_    Date _8/17/05_

150-4188 PA1.4  Rev. 08-19-2002  Printed in U.S.A.

```
DOCUMENT  1 OF  1                                            12/09/10
                                                            10:02:32
                                                            AUC000A0
                        Echo Policy Transactions

          Request type: Original

          Policy number: 087 5791-B17-38
          Insured's name: BEATSON, DAVID T & LISA S

        Accessed by: GHUA                   Entered by: GHUA
               Date: 06-30-06                      Date: 06-30-06


       Changes include: CLASS,DISC,ADDED CAR,COV,LIEN,DOCS

        Effective date: 06-29-06                   Time: 3:39  PM
            App date: 06-29-06          Received date: 06-30-06
              Source: Echo Agent

  Request For
   Added car 003

  DEI Change 01

          Policy no: 087 5791             Changed by: GHUA2
                Car: 003                        Date: 06-30-06
                                               Time: 09:42 AM
      Fields Changed

              VIN: WDBUF87J1 6 X299610

   Additional instructions:
      The above change(s) are the result of GHUA changing a
      TDE screen on 06/30/2006.



                                              PAGE  1 OF  5
              Next: ____ +
  F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc
```

```
DOCUMENT  1 OF  1                                                  12/09/10
                                                                   10:02:35
                                                                   AUC000A0
Change Class
```

                        Number of vehicles in agent's household: 02
                    Any class change on addl household vehicle: YES
                          Any addl driver assignment change: NO

        Avg wkly wrk/schl: 100
          Annual mileage: 10000
             Odometer: 10
                                        Current class: N/A
                                           New class: 1D3

                                        Multicar disc: YES

    Vehicle

          Vehicle year: 06              Date purchased: 06-29-06
                  VIN: WDBUF87J2 6 X299610    Modified: NO
              PP2 IRG: 023               Prior damage: NO
                 LRG: 03
                Make: MERCEDES-BENZ
               Model: E350
          Body Style: "W" 4-MATIC 4D SED

    Vehicle Discounts

        Veh safety disc:  B - 30%
        Anti-theft disc: YES

                                                           PAGE  2 OF  5
              Next: _____  +
    F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc

DOCUMENT  1 OF  1

12/09/1D
10:02:37
AUC000AD

Vehicle Use

     Question: Is the applicant the registered owner of the vehicle?
      Answer: YES

     Question: Name of principal operator of vehicle.
      Answer: DAVID BEATSON
   Birthdate:

     Question: How will the vehicle be used?
      Answer: WORK

Added Vehicle Questions

     Question: Why was this vehicle purchased, or if not newly
          purchased, why is insurance now being applied for?
      Answer: OTHER, EXPLAIN: ADD'L VEH

     Question: How many drivers are in this household?
      Answer: 2

     Question: Are there household members age 13 or older who are not
          yet licensed?  If yes, provide name and birthdate.
     Answer: NO

Next: _____ +
F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc

REDACTED

```
DOCUMENT  1 OF  1                                      12/09/10
                                                       10:02:38
                                                       AUC000A0
Coverage Changes

   Action        Coverage Changes           Limits or Deductible
   ADD           BI                          250/500
   ADD           PD                          100
   ADD           TORT                        FULL
   ADD           MED                         $5,000
   ADD           FUN'L                       $2,500
   ADD           COMP                        $100 DED
   ADD           COLL                        $500 DED
   ADD           ERS
   ADD           U                           250/500
   ADD           W                           250/500


Add Lienholder

                 Code: 20790

Supporting Documents

   Doc
   Code    Description
   34      PROOF OF PUR/REG/TITLE


Other Car Needing Class Change

                 Car no: 001

      Avg wkly wrk/schl: 00
        Annual mileage: 10000
                                        Current class: 1D3060I
                                           New class: 1B3


                                                  PAGE  4 OF  5
                 Next:       +
   F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc
```

THIS MESSAGE APPLIES TO CAR POLICIES:

IF YOU HAVE "COLLISION" COVERAGE ON THIS POLICY, YOU ALSO HAVE "COLLISION" COVERAGE ON ANY RENTED CAR WHILE IT IS DRIVEN BY OR IN THE CUSTODY OF AN INSURED.

PLEASE NOTE THESE LIMITATIONS AND EXCEPTIONS:

1. THIS COVERAGE APPLIES FOR NO MORE THAN 21 CONSECUTIVE DAYS BEGINNING ON THE DAY YOU BEGIN USING THE CAR. THIS LIMIT IS MULTIPLIED BY THE NUMBER OF CARS YOU CURRENTLY HAVE INSURED WITH US.

2. THIS AUTOMATIC EXTENSION OF COVERAGE IS FOR COLLISION COVERAGE ONLY. NO OTHER CHARGES IMPOSED BY YOUR RENTAL AGREEMENT ARE COVERED.

3. THIS COVERAGE IS SECONDARY TO OTHER INSURANCE CARRIED ON A RENTED CAR AND IS SUBJECT TO ALL OTHER POLICY PROVISIONS AND APPLICABLE ENDORSEMENTS.

THIS MESSAGE APPLIES TO RECREATIONAL VEHICLE POLICIES ONLY:

(RECREATIONAL VEHICLE POLICIES APPLY ONLY TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY)

ANY "PHYSICAL DAMAGE" COVERAGE THAT YOU MAY HAVE ON THIS POLICY DOES NOT APPLY TO RENTED RECREATIONAL VEHICLES.

**State Farm Mutual Automobile Insurance Company**

*One State Farm Dr*
*Concordville PA 19339*

NAMED INSURED                    38-6452-223U

BEATSON, DAVID T & LISA S

R 88717-2-U                                MUTL  VOL

| DECLARATIONS PAGE | |
|---|---|
| NAIC#   25178 | PAGE 2 OF 2 |
| POLICY NUMBER | 87 5791-B17-38B |
| POLICY PERIOD | DEC 20 2006 to FEB 17 2007 |

---

**EXCEPTIONS AND ENDORSEMENTS  (See individual endorsement for details.)**

```
FINANCED- CAR 3 MERCEDES BENZ CREDIT CORP INSURANCE SERVICES, PO BOX 1800,
ROANOKE TX 76262-1800.
CAR 2 6097RR.1 LEASED MOTOR VEHICLES (ADDITIONAL INSURED) LOSS PAYEE-GMAC
ITS SUCCESSORS & ASSIGNS, PO BOX 650100, HUNT VALLEY MD 21065-0100.
CAR 1,2,3.
6102AA      AMENDMENT OF LIABILITY AND PHYSICAL DAMAGE COVERAGES.
6127AW      AMENDATORY ENDORSEMENT
6938        AMENDMENT OF DEFINED WORDS AND PHYSICAL DAMAGE COVERAGE.
THIS POLICY PROVIDES FULL TORT OPTION.
```

REDACTED

THIS MESSAGE APPLIES TO CAR POLICIES:

IF YOU HAVE "COLLISION" COVERAGE ON THIS POLICY, YOU ALSO HAVE "COLLISION" COVERAGE ON ANY RENTED CAR WHILE IT IS DRIVEN BY OR IN THE CUSTODY OF AN INSURED.

PLEASE NOTE THESE LIMITATIONS AND EXCEPTIONS:

1. THIS COVERAGE APPLIES FOR NO MORE THAN 21 CONSECUTIVE DAYS BEGINNING ON THE DAY YOU BEGIN USING THE CAR. THIS LIMIT IS MULTIPLIED BY THE NUMBER OF CARS YOU CURRENTLY HAVE INSURED WITH US.

2. THIS AUTOMATIC EXTENSION OF COVERAGE IS FOR COLLISION COVERAGE ONLY. NO OTHER CHARGES IMPOSED BY YOUR RENTAL AGREEMENT ARE COVERED.

3. THIS COVERAGE IS SECONDARY TO OTHER INSURANCE CARRIED ON A RENTED CAR AND IS SUBJECT TO ALL OTHER POLICY PROVISIONS AND APPLICABLE ENDORSEMENTS.

THIS MESSAGE APPLIES TO RECREATIONAL VEHICLE POLICIES ONLY:

(RECREATIONAL VEHICLE POLICIES APPLY ONLY TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY)

ANY "PHYSICAL DAMAGE" COVERAGE THAT YOU MAY HAVE ON THIS POLICY DOES NOT APPLY TO RENTED RECREATIONAL VEHICLES.

State Farm Mutual Automobile Insurance Company

One State Farm Dr
Concordville PA 19339

NAMED INSURED                    38-6462-223U

BEATSON, DAVID T & LISA S

**COPY**

lulllloulluluhllulalulllulolulllulululululull

| R 88717-2-U | | MUTL  VOL |
|---|---|---|
| **DECLARATIONS PAGE** | | |
| NAIC#   25178 | | **PAGE 1 OF 2** |
| POLICY NUMBER | 87 5791-B17-38B | |
| POLICY PERIOD | DEC 20 2006 to FEB 17 2007 | |

AGENT

MICHAEL MOYER
302 W STATE STREET
KENNETT SQUARE, PA 19348-3025

PHONE: (610)444-5454

DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.
SEPARATE STATEMENT ENCLOSED IF AMOUNT DUE.

| VEHICLE | YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS | PREMIUM |
|---|---|---|---|---|---|---|---|
| 1 | 2000 | VOLVO | S80 | 4DR | YV1TS94D7Y1082740 | 1B3060I | $178.68 |
| 2 | 2007 | CHEVROLET | SUBURBAN | SPORT WG | 1GNFK163X7J191613 | 1A3H60I | $178.89 |
| 3 | 2006 | MERCEDES | E350 | 4DR | WDBUF87J16X299610 | 1D3060I | $185.38 |

| Total premium for this policy period DEC 20 2006 to FEB 17 2007. | This is not a bill. | $542.95 |
|---|---|---|

| SYMBOLS | COVERAGES | PREMIUMS | | |
|---|---|---|---|---|
| | See policy for coverage details. | 2000 VOLVO | 2007 CHEVROLET | 2006 MERCEDES |
| A | Bodily Injury/Property Damage Liability Limits of Liability-Coverage A-Bodily Injury Each Person,  Each Accident $250,000        $500,000 Limits of Liability-Coverage A-Property Damage Each Accident $100,000 | $65.23 | $59.83 | $52.97 |
| C2 | Medical Payments Limit of Liability-Coverage C2 Each Person $5,000 | $6.36 | $5.24 | $6.01 |
| D100 | $100 Deductible Comprehensive | $17.24 | $16.64 | $18.99 |
| G500 | $500 Deductible Collision | $52.84 | $60.21 | $70.41 |
| | Emergency Road Service | $.57 | $.57 | $.57 |

REDACTED

```
DOCUMENT  1 OF  1                                           12/09/10
                                                           10:02:39
                                                           AUC000A0
Agent Information

          Agent's name: MOYER, MICHAEL R          Agt-AFO: 6462-F393
               Phone: 610-444-5454                Initials: BCH
```

```
                                                  PAGE  5 OF  5
                    Next: ___  +
     F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc
```

**State Farm Claim Office**   RETURN SERVICE
PO Box 25005                  REQUESTED
Bakersfield, CA 93390-5004

PRESORTED
FIRST CLASS





UNITED STATES POSTAGE

$ 01.22²
02 1M
0004282886   DEC 23 2010
MAILED FROM ZIP CODE 94188

CHARTIS INSURANCE
ATTN RAY ADAMS
PO BOX 25588
SHAWNEE MISSION KS 66225

KTXKLDB3 65225

# FIRST-CLASS MAIL

**SPECIMEN**

## 6127AW AMENDATORY ENDORSEMENT

This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as *your* policy unless a different effective date is specified by us in writing.

In consideration of the premium charged, it is agreed that *your* policy is changed as follows:

### 1. DEFINED WORDS

a. The definition of *Newly Acquired Car* is changed to read:

> *Newly Acquired Car* means a *car* newly owned by or newly leased to *you* or *your spouse*. A *car* ceases to be a *newly acquired car* on the earlier of:
>
> 1. the effective date and time of a policy, including any binder, issued by us or any other company that describes the *car* as an insured vehicle; or
>
> 2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or *your spouse*.

If *you* or *your spouse* want coverage for a *car* newly owned by or newly leased to *you* or *your spouse* and it:

> 1. replaces *your car*, then *you* or *your spouse* must ask us to insure that *car* within 14 days after it is delivered to *you* or *your spouse* and pay us any added amount due. The added amount due will be calculated based on the date the replacement *car* is delivered to *you* or *your spouse*.
>
> 2. does not replace *your car*, then *you* or *your spouse* must apply to us for separate coverage to insure that added *car*. Such coverage will be provided only if both the applicant and the vehicle are eligible for coverage at the time of the application.

If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the *newly acquired car* is delivered to *you* or *your spouse*.

b. The definition of *Your Car* is changed to read:

> *Your Car* means a vehicle described on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.

If *you* or *your spouse* ask us to replace a *car* shown on the Declarations Page with a *car* newly owned by or newly leased to *you* or *your spouse*, the *car* being replaced will continue to be considered *your car* until the earliest of:

> 1. the end of the 30th calendar day immediately following the date such newly owned or newly leased *car* is delivered to *you* or *your spouse*;
>
> 2. the date this policy is no longer in force; or
>
> 3. the date *you* no longer own or lease the *car* being replaced.

6127AW

SPECIMEN

2. **REPORTING A CLAIM — INSURED'S DUTIES**

The following is added:

A *person* or organization making claim under Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, or the Physical Damage Coverages must, when we require, give us proof of loss on forms we furnish.

A *person* making claim under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage must provide written authorization for us to obtain:

1. medical bills;

2. medical records;

3. wage, salary, and employment information; and

4. any other information we deem necessary to substantiate the claim.

If an injured *person* is a minor, unable to act, or dead, then his or her legal representative must provide us with the written authorization.

If the holder of the information refuses to provide it to us despite the authorization, then at our request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to us.

3. **SECTION III — UNINSURED MOTOR VEHICLE AND UNDERINSURED MOTOR VEHICLE COVERAGES**

a. Item 4 under "An *uninsured motor vehicle* does not include a land motor vehicle:" is changed to read:

4. owned by the United States of America or any of its agencies;

b. Item 3 under "An *underinsured motor vehicle* does not include a land motor vehicle:" is changed to read:

3. owned by the United States of America or any of its agencies;

c. Item 1 under **Who Is an Insured – Coverages U, U3, W and W3** is changed to read:

1. a *person* named in the declarations;

d. The following is added to **Deciding Fault and Amount – Coverages U, U3, W and W3:**

Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.

4. **SECTION IV — PHYSICAL DAMAGE COVERAGES**

a. **COMPREHENSIVE – COVERAGE D**

The following language:

If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible.

is changed to read:

If *you* and we agree, windshield glass will be repaired instead of replaced.

b. **COLLISION – COVERAGE G**

The following is added:

If *you* and we agree, windshield glass will be repaired instead of replaced.

c. **COMPREHENSIVE – COVERAGE D and COLLISION – COVERAGE G**

(1) The following is added:

SPECIMEN

*You* agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The following is added to Settlement of Loss – Comprehensive and Collision Coverages:

Appraisers shall have no authority to decide any questions of law or conduct appraisal on a class-wide or class-representative basis.

5. **CONDITIONS**

Item a.(1) under **Policy Changes** is changed to read:

(1) an endorsement issued by us; or

6. **MOTORCYCLE COVERAGE ENDORSEMENT** and **TRAILER ENDORSEMENT**

The definition of *newly acquired car* in the above item 1. replaces the definition of *newly acquired car* in both the **MOTORCYCLE COVERAGE** endorsement and the **TRAILER ENDORSEMENT** if either endorsement is a part of *your* policy. In addition, under the **TRAILER ENDORSEMENT**, *car* as found in the definition of *newly acquired car* is changed to include a trailer newly owned by or newly leased to *you* or *your spouse* if it is of the same type as the trailer described on the declarations page.

Edward B Rust Jr

Chief Executive Officer

Page 3 of 3                     6127AW

SPECIMEN

## 6102AA AMENDATORY ENDORSEMENT

This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as *your* policy unless a different effective date is specified by us in writing.

In consideration of the premium charged, it is agreed that *your* policy is changed as follows:

**1. SECTION I — LIABILITY — COVERAGE A**

Under the paragraph that reads "in addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident":

a. Item 3.c. is deleted.

b. Item 4. is changed to read:

4. The following costs and expenses if related to and incurred after a civil lawsuit has been filed against an *insured* for damages for which liability coverage is provided by this policy:

a. loss of wages or salary, but not other income, up to $100 for each day an *insured* attends at our request:

(1) an arbitration;

(2) a mediation; or

(3) a trial of a civil suit.

b. reasonable expenses incurred by an *insured* at our request, other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to us before we will pay.

**2. SECTION IV — PHYSICAL DAMAGE COVERAGES**

a. The following definition is added:

*Fungi* – means any type or form of fungus or fungi and includes:

1. mold;

2. mildew; and

3. any of the following that are produced or released by fungi:

a. mycotoxins;

b. spores;

c. scents; or

d. byproducts.

b. The following is added to When The Physical Damage Coverages Do Not Apply:

(1) THERE IS NO COVERAGE FOR *LOSS* TO ANY VEHICLE DUE TO *FUNGI*. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE *FUNGI* RESULT FROM A *LOSS* THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. WE WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF *FUNGI*, OR ANY ADDITIONAL COSTS. REQUIRED TO REPAIR ANY VEHICLE THAT ARE DUE TO THE EXISTENCE OF *FUNGI*.

(2) THERE IS NO COVERAGE FOR *LOSS* TO ANY VEHICLE THAT RESULTS FROM:

6102AA

(a) NUCLEAR REACTION;

(b) RADIATION OR RADIO-ACTIVE CONTAMINATION FROM ANY SOURCE; OR

(c) THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE.

*Edward B. Rust, Jr.*
Chief Executive Officer

6102AA

SPECIMEN

## 6938 AMENDATORY ENDORSEMENT

This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as *your* policy unless a different effective date is specified by us in writing.

In consideration of the premium changed, it is agreed that *your* policy is changed as follows:

### 1. DEFINED WORDS

The following provision under the definition of *non-owned car* is deleted:

*Non-owned car* does not include a:

1. rented *car* while it is used in connection with the *insured's* employment or business; or

### 2. SECTION IV – PHYSICAL DAMAGE COVERAGES

a. The following is added to the definition of *Loss*:

*Loss* does not include any reduction in the value of any vehicle or detachable living quarters after it has been repaired, as compared to its value before it was changed.

b. Item 2. under COMPREHENSIVE – COVERAGE D is changed to read:

2. We will repay *you* for transportation costs incurred if *your car* is stolen. We will pay up to $25 per day, beginning when *you* tell us of the theft and ending when we offer to pay for the *Loss*.

If the incurred daily transportation costs are payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where *you* collect the most. If payments have been made under Car Rental and Travel Expenses Coverage and such

payments have either exhausted the total amount payable under Car Rental Expense or reduced the total amount payable under Car Rental Expense to less than $25, then we will pay under Comprehensive Coverage.

c. The first paragraph of Limit of Liability — Comprehensive and Collision Coverages is changed to read:

The limit of our liability for loss to property or any part of it is the lower of:

1. the actual cash value; or

2. the cost of repair or replacement. The cost of repair or replacement does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

d. CAR RENTAL EXPENSE – COVERAGE R

The paragraph that reads:

Any car rent payable under coverage R is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE

is changed to read:

If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental Expense

Coverage, we will pay only under the one coverage where *you* collect the most.

e. The paragraph under CAR RENTAL AND TRAVEL EXPENSES – COVERAGE R1 in *your* policy booklet that reads:

Any car rent payable under this coverage is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE.

is changed to read:

If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where *you* collect the most.

f. The provision titled Total Amount of Expenses Payable – Coverage R1 in *your* policy booklet is changed to read:

Total Amount of Expenses Payable – Coverage R1

1. The most we will pay for Car Rental Expense

incurred in any one occurrence is $400.

2. The most we will pay for Travel Expenses incurred by all *persons* in any one occurrence is $400.

3. The most we will pay for Rental Car – Repayment of Deductible Amount of Expense incurred in any one occurrence is $400.

g. Trailer Coverage

The second paragraph under item 2. is changed to read:

The most we will pay under the comprehensive or collision coverage for a *loss* to such non-owned trailer or unit is $2500.

h. Trailer Coverage

Item 2.c. is deleted. It reads:

A non-owned trailer or detachable living quarters unit is one that is not rented and used in connection with the employment or business of *you, your spouse* or any *relative*.

Edward B. Rust Jr.
Chief Executive Officer

# EXHIBIT "2"

Renewal of No. 7625543
Policy No.    CA    669-11-14

**AIG** **AMERICAN INTERNATIONAL COMPANIES** ®
70 Pine Street, New York, NY 10270
(212) 770-7000
Coverage is provided by
**AMERICAN HOME ASSURANCE COMPANY**
(a capital stock company)

# BUSINESS AUTO DECLARATIONS

**ITEM ONE**    Named Insured & Mailing Address
HEIDENHAIN HOLDING, INC.

1 PRECISION WAY
JAMESTOWN, NY 14701-9630

Producer's Name & Mailing Address
FRENKEL & CO., INC
1740 BROADWAY
FL 5TH
NEW YORK, NY 10019

**FORM OF BUSINESS:**

☒ CORPORATION   ☐ PARTNERSHIP   ☐ LIMITED LIABILITY COMPANY   ☐ INDIVIDUAL   ☐ OTHER

**POLICY PERIOD:** From 01/01/2007 to 01/01/2008 at 12:01 A.M. Standard Time at your mailing address.
IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE
THE INSURANCE AS STATED IN THIS POLICY.

**POLICY PREMIUM:**              $      92,657

Premium for Terrorism Coverage:
$3,564 Included In Policy Premium

**SCHEDULE OF STATE TAXES, FEES AND SURCHARGES, IF APPLICABLE:** *

New York                        $60.00

* State Taxes, Fees and Surcharges shown are in addition to the above referenced Policy Premium.

**ENDORSEMENTS ATTACHED TO THIS POLICY:**

IL 00 17 - Common Policy Conditions (IL 01 46 In Washington)

IL 00 21 - Broad Form Nuclear Exclusion (Not Applicable in New York)

**SEE ATTACHED FORMS SCHEDULE**

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY
CONDITIONS, COVERAGE FORMS, AND FORMS AND ENDORSEMENTS IF ANY ISSUED TO FORM A PART THEREOF COMPLETE THE
ABOVE NUMBERED POLICY

Archive Copy

## ITEM TWO   SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| LIABILITY | 1 | $ 1,000,000 | $ 64,978 |
| PERSONAL INJURY PROTECTION (or equivalent No-fault Coverage) | 5 | SEPARATELY STATED IN EACH PERSONAL INJURY PROTECTION EN-DORSEMENT MINUS            DEDUCTIBLE FOR EACH ACCIDENT | $ INCLUDED |
| ADDED PERSONAL INJURY PROTECTION (or equivalent added No-fault Coverage) | | | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE PROPERTY PROTECTION INSURANCE EN-DORSEMENT MINUS $            DEDUCTIBLE FOR EACH ACCIDENT. | $ |
| AUTO MEDICAL PAYMENTS | 2 | $ 5,000 | $ INCLUDED |
| MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia only) | | SEPARATELY STATED IN EACH MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | $ |
| UNINSURED MOTORISTS | 2 | SEPARATELY STATED IN EACH UM ENDORSEMENT | $ INCLUDED |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 2 | SEPARATELY STATED IN EACH UIM ENDORSEMENT | $ INCLUDED |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE | 2 8 | ACTUAL CASH VALUE OR $ 1,000 DEDUCTIBLE FOR EACH COVERED AUTO, BUT NO DEDUCTIBLE APPLIES TO LOSS CAUSED BY FIRE OR LIGHTNING. See ITEM FOUR For Hired Or Borrowed "Autos". | $ 27,679 |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE | | COST OF REPAIR, WHICHEVER IS LESS, MINUS $25 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY MISCHIEF OR VANDALISM. See ITEM FOUR For Hired Or Borrowed "Autos". | $ |
| PHYSICAL DAMAGE COLLISION COVERAGE | 2 8 | $ 1,000 DEDUCTIBLE FOR EACH COVERED AUTO. See ITEM FOUR For Hired Or Borrowed "Autos". | $ INCLUDED |
| PHYSICAL DAMAGE TOWING AND LABOR | 3 | $ 50 For Each Disablement Of A Private Passenger "Auto". | $ INCLUDED |
| | | PREMIUM FOR ENDORSEMENTS | $ INCLUDED |
| | | *ESTIMATED TOTAL PREMIUM | $ 92,657 |

*This policy may be subject to final audit.

## ITEM THREE   SCHEDULE OF COVERED AUTOS YOU OWN

| | DESCRIPTION | PURCHASED | | TERRITORY |
|---|---|---|---|---|
| Covered Auto No. | Year, Model, Trade Name, Body Type Serial Number (s) Vehicle Identification Number (VIN) | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where The Covered Auto Will Be Principally Garaged |
| | PER SCHEDULE ON FILE WITH COMPANY | | | |
| | | | | |
| | | | | |
| | | | | |

| | | | | | CLASSIFICATION | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Covered Auto No. | Radius Of Operation | Business Use S = service R = retail C = commercial | Size GVW, GCW Or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Primary Rating Factor Phy. Dam. | Secondary Rating Factor | Code | EXCEPT For Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below As Interests May Appear At The Time Of The Loss. |
| | PER SCHEDULE ON FILE WITH COMPANY | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Archive Copy

## ITEM THREE   SCHEDULE OF COVERED AUTOS YOU OWN (CONTINUED)

| | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | | PERSONAL INJURY PROTECTION | | ADDED PERSONAL INJURY PROTECTION | |
| Covered Auto No. | Limit | Premium | Limit Stated In Each Personal Injury Protection Endorsement Minus Deductible Shown Below | | Premium | Limit Stated In Each Added Personal Injury Protection Endorsement Premium | |
| | SEE COMPOSITE RATE ENDORSEMENT | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total Premium | | | | | | | |

| | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | | | | |
|---|---|---|---|---|---|---|---|
| Covered Auto No. | PROPERTY PROTECTION (Michigan Only) | | AUTO MEDICAL PAYMENTS | | MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only) | | |
| | Limit Stated In Property Protection Insurance Endorsement Minus Deductibles Shown Below | Premium | Limit | Premium | Stated In Each Medical Expense And Income Loss Endorsement for Each Person | | Premium |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total Premium | | | | | | | |

| | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | | | | |
|---|---|---|---|---|---|---|---|
| Covered Auto No. | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | | COLLISION | | TOWING & LABOR |
| | Limit Stated In ITEM TWO Minus Deductible Shown Below | Premium | Limit Stated In ITEM TWO Minus Deductible Shown Below | Premium | Limit Stated In ITEM TWO Minus Deductible Shown Below | Premium | Limit Per Disablement | Premium |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total Premium | | | | | | | |

## ITEM FOUR   SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS

| STATE | ESTIMATED COST OF HIRE FOR EACH STATE | RATE PER EACH $100 COST OF HIRE | FACTOR (If Liability Coverage is Primary) | PREMIUM |
|---|---|---|---|---|
| LIABILITY COVERAGE - RATING BASIS, COST OF HIRE | | | | |
| | PER SCHEDULE ON FILE WITH COMPANY | | | INCLUDED |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL PREMIUM | INCLUDED |

Archive Copy

## ITEM FOUR   SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (CONTINUED)

| STATE | ESTIMATED NUMBER OF DAYS EQUIPMENT WILL BE RENTED | BASE PREMIUM | FACTOR | PREMIUM |
|---|---|---|---|---|
| | | LIABILITY COVERAGE - RATING BASIS, NUMBER OF DAYS - (FOR MOBILE OR FARM EQUIPMENT - RENTAL PERIOD BASIS) | | |
| | PER SCHEDULE ON FILE WITH COMPANY | | | INCLUDED |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL PREMIUM | INCLUDED |

Cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

## PHYSICAL DAMAGE COVERAGE

| COVERAGES | LIMIT OF INSURANCE | ESTIMATED ANNUAL COST OF HIRE | RATE PER EACH $100 ANNUAL COST OF HIRE | PREMIUM |
|---|---|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $ 100 DEDUCTIBLE FOR EACH COVERED AUTO, BUT NO DEDUCTIBLE APPLIES TO LOSS CAUSED BY FIRE OR LIGHTNING. | $ 50,000 | $ | $ INCLUDED |
| SPECIFIED CAUSES OF LOSS | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $ 25 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY MISCHIEF OR VANDALISM. | $ | $ | $ |
| COLLISION | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO. | $ 50,000 | $ | $ INCLUDED |
| | | | TOTAL PREMIUM | $ INCLUDED |

## ITEM FIVE    SCHEDULE FOR NON-OWNERSHIP LIABILITY

| NAMED INSURED'S BUSINESS | RATING BASIS | NUMBER | PREMIUM |
|---|---|---|---|
| Other Than Garage Service Operations And Other Than Social Service Agencies | Number Of Employees | ON FILE | $ INCLUDED |
| | Number Of Partners | | $ |
| Garage Service Operations | Number Of Employees Whose Principal Duty Involves The Operation of Autos | | |
| Social Service Agencies | Number Of Employees | | $ |
| | Number Of Volunteers | | $ |
| | | TOTAL PREMIUM | $ INCLUDED |

48169 0308
CA DS 03 03 06  Includes copyrighted material of Insurance Services Office, Inc., with its permission. ©ISO Properties, Inc., 2005     Page 4 of 5

Archive Copy

**ITEM SIX  SCHEDULE FOR GROSS RECEIPTS OR MILEAGE BASIS - LIABILITY COVERAGE - PUBLIC AUTO OR LEASING RENTAL CONCERNS**

| LOCATION NO. | ESTIMATED YEARLY | RATES ☐ Per $100 Of Gross Receipts ☐ Per Mile | | PREMIUMS | |
|---|---|---|---|---|---|
| | | LIABILITY COVERAGE | AUTO MEDICAL PAYMENTS/Medical Expense Benefits & Income Loss Benefits (VA Only) | LIABILITY COVERAGE | AUTO MEDICAL PAYMENTS/Medical Expense Benefits & Income Loss Benefits (VA Only) |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | | TOTAL PREMIUMS | $ | $ |
| | | | MINIMUM PREMIUMS | $ | $ |

| LOCATION NUMBER | ADDRESS |
|---|---|
| | |
| | |
| | |

When used as a premium basis:

**FOR PUBLIC AUTOS**

Gross Receipts means the total amount to which you are entitled for transporting passengers, mail or merchandise during the policy period regardless of whether you or any other carrier originate the transportation. Gross Receipts does not include:

   A. Amounts you pay to railroads, steamship lines, airlines and other motor carriers operating under their own ICC or PUC permits.

   B. Advertising revenue.

   C. Taxes which you collect as a separate item and remit directly to a governmental division.

   D. C.O.D. collections for cost of mail or merchandise including collection fees.

Mileage means the total live and dead mileage of all revenue producing units operated during the policy period.

**FOR RENTAL OR LEASING CONCERNS**

Gross receipts means the total amount to which you are entitled for the leasing or rental of "autos" during the policy period and includes taxes except those taxes which you collect as a separate item and remit directly to a governmental division. Mileage means the total of all live and dead mileage developed by all the "autos" you leased or rented to others during the policy period.

By signing below, the President and the Secretary of the Insurer agree on behalf of the Insurer to all the terms of this policy.

President
AMERICAN HOME ASSURANCE COMPANY

Secretary
AMERICAN HOME ASSURANCE COMPANY

This policy shall not be valid unless signed at the time of issuance by an authorized representative of the Insurer, either below or on the Declarations page of the policy.

Authorized Representative

SIGNUJ

**Archive Copy**

# FORMS SCHEDULE

EFFECTIVE DATE:  01/01/2007

NAMED INSURED:  HEIDENHAIN HOLDING, INC.

POLICY NO: CA   669-11-14

| TIRA | MANUSCRIPT ENDORSEMENT |
|---|---|
| CAP002 (0406) | 2006 AUTO FORMS ADVISORY NOTICE |
| CA0001 (0306) | BUSINESS AUTO POLICY |
| CA0001 (1001) | BUSINESS AUTO POLICY |
| CA0038 (1202) | WAR EXCLUSION |
| CA0051 (1204) | CHGES IN COV FORM-MOBILE EQUIP |
| CA0102 (0498) | NY CHANGES-FOR HIRE AUTOS |
| CA0107 (1097) | CONNECTICUT CHANGES |
| CA0109 (1004) | GEORGIA CHANGES |
| CA0111 (0105) | NEW HAMPSHIRE CHANGES IN POLICY |
| CA0112 (0403) | NY CHG-BUS AUTO & TRKRS COV |
| CA0117 (1097) | WISCONSIN CHANGES |
| CA0120 (0603) | ILLINOIS CHANGES |
| CA0143 (0505) | CALIFORNIA CHANGES |
| CA0149 (0306) | OREGON CHANGES |
| CA0150 (0306) | SOUTH CAROLINA CHANGES |
| CA0190 (1097) | CT CHANGES-LIAB OF MUNICIPALITIE |
| CA0225 (0205) | NY CHGS-CANCELLATION |
| CA0230 (0699) | SC CHANGES - CANCEL/NONRENEWAL |
| CA0262 (1202) | NH CHANGES-CANCEL & NONRENEWAL |
| CA0270 (0894) | IL CHANGES-CANC/NONRENEWAL |
| CA0424 (0406) | CALIFORNIA AUTO MED PAY COV |
| CA2103 (0306) | WI UNINSURED MOTORISTS COVERAGE |
| CA2105 (0306) | OR UNINSURED MOTORISTS COV - BI |
| CA2111 (0306) | GA UNINSURED MOTORISTS COV |
| CA2119 (0306) | SC UNINSURED MOTORISTS COV |
| CA2130 (0306) | IL UNINSURED MOTORISTS COV |
| CA2138 (0306) | IL UNDERINSURED MOTORISTS COV |
| CA2145 (0306) | WISCONSIN UNDERINSURED MOTORISTS |
| CA2153 (0306) | ILL-UNINSURED MOTORISTS-PD |
| CA2154 (0306) | CA UNINSURED MOTORISTS COVERAGE- |
| CA2157 (0803) | CT UNINSRD/UNDERINSRD MTRSTS COV |
| CA2188 (0306) | SC UNDERINSURED MOTORISTS COV |
| CA2232 (0702) | NY MANDATORY PERS INJ PROTECTION |
| CA2236 (0306) | OR PERSONAL INJURY PROTECTION |
| CA3113 (0996) | UNINSURED MOTORISTS ENDT - NY |
| CA3126 (0105) | NH UNINSURED MOTORISTS COVERAGE |
| CA9903 (0306) | AUTO MEDICAL PAYMENTS |
| CA9903 (0797) | AUTO MEDICAL PAYMENTS |
| CA9910 (0902) | DOC-BROADENED COVG FOR NAMED IND |
| CA9916 (1293) | HIRED AU SPEC COVD AU YOU OWN |
| CA9923 (1293) | RENTAL REIMBURSEMENT COV |
| CA9939 (0994) | CT - GLASS COVERAGE |
| IL0017 (1198) | COMMON POLICY CONDITIONS |
| IL0021 (0702) | NUCLEAR ENERGY LIAB EXCLUSION |
| IL0140 (1105) | CT CHANGES - CIVIL UNION |
| IL0162 (0406) | IL CHANGES - DEFENSE COSTS |
| IL0183 (0702) | NY CHANGES-FRAUD |
| IL0187 (0702) | NH CONCEALMENT, MISREP OR FRAUD |
| IL0244 (1105) | OH CHANGES - CANC/NONRENEWAL |
| IL0260 (0705) | CT CHANGES-CANCELLATION&RENEWAL |
| IL0262 (0702) | GA CHANGES-CANCELLATION&NONRENEW |
| IL0270 (1104) | CA CHANGES-CANCEL & NONRENEWAL |
| IL0279 (0106) | OR CHANGES-CANCEL & NONRENEWAL |
| IL0283 (0702) | WI CHGS-CANCELLATION & NONRENEWA |
| PA0209 (0902) | OH CHANGES - CANC/NONRENEWAL |
| 61709 (1294) | AMEND DUTIES ACC, CL, SUIT |
| 61944 (0295) | BROAD FORM NAMED INSURED |
| 62135 (0395) | WHEN WE DO NOT RENEW |
| 62138 (0395) | EARLY NOTICE OF CANC BY US |

| | | |
|---|---|---|
| 71709 | (0304) | COMPOSITE RATING PLAN PREM |
| 83119 | (0604) | NY SUPPLEMENTARY UM/UIM ENDT |
| 89644 | (0705) | AMENDATORY ENDT - COVERAGE TERR |

*Archive Copy*

POLICY NUMBER: CA   669-11-14

COMMERCIAL AUTO
CA 00 01 03 06

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees" partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |
|----|----|----|

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **1, 2, 3, 4, 5, 6** or **19** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

   (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

   (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

   (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

   (5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

***Archive Copy*** © ISO Properties, Inc.,2005 CA 00 01 03 06 □

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

2. **Coverage Extensions**

a. **Supplementary Payments**

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

b. **Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. **Exclusions**

This insurance does not apply to any of the following:

1. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

2. **Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution

cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

a. Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

b. After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8. Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

**9. Operations**

"Bodily injury" or "property damage" arising out of the operation of:

a. Any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment"; or

b. Machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

**10. Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph a. or b. above.

Your work will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than

one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment".

Paragraphs b. and c. above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "in-

sured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**SECTION III - PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

**(1)** Fire, lightning or explosion;

**(2)** Theft;

**(3)** Windstorm, hail or earthquake;

**(4)** Flood;

**(5)** Mischief or vandalism; or

**(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

**c. Collision Coverage**

Caused by:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**2. Towing**

We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

**3. Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

**4. Coverage Extensions**

**a. Transportation Expenses**

We will pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the

covered "auto" is returned to use or we pay for its "loss"

**b. Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

(1) Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

(2) Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

(3) Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   **a. Nuclear Hazard**

   (1) The explosion of any weapon employing atomic fission or fusion; or

   (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   **b. War Or Military Action**

   (1) War, including undeclared or civil war;

   (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

3. We will not pay for "loss" caused by or resulting from any of the following unless

caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown.

b. Blowouts, punctures or other road damage to tires.

4. We will not pay for "loss" to any of the following:

a. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

b. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

c. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

d. Any accessories used with the electronic equipment described in Paragraph c. above.

Exclusions 4.c. and 4.d. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

**C. Limit Of Insurance**

1. The most we will pay for "loss" in any one "accident" is the lesser of:

**Archive Copy** © ISO Properties, Inc.,2005                    CA 00 01 03 06   □

a. The actual cash value of the damaged or stolen property as of the time of the "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

**SECTION IV - BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

(5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

c. If there is "loss" to a covered "auto" or its equipment you must also do the following:

(1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

(2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

(3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

(4) Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

a. There has been full compliance with all the terms of this Coverage Form; and

b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment - Physical Damage Coverages**

At our option we may:

a. Pay for, repair or replace damaged or stolen property;

b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a. This Coverage Form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee - Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

(1) Excess while it is connected to a motor vehicle you do not own.

(2) Primary while it is connected to a covered "auto" you own.

b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

a. During the policy period shown in the Declarations; and

b. Within the coverage territory.

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico;

d. Canada; and

e. Anywhere in the world if:

(1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

(2) The "insured's" responsibility to pay

damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION V - DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph 6.b. or 6.c. of the definition of "mobile equipment".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Em-

ployee" does not include a "temporary worker".

G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

H. "Insured contract" means:

1. A lease of premises;

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6. That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

a. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing; or

b. That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

c. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

I. "Leased worker" means a person leased to

you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

J. "Loss" means direct and accidental loss or damage.

K. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2. Vehicles maintained for use solely on or next to premises you own or rent;

3. Vehicles that travel on crawler treads;

4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

a. Power cranes, shovels, loaders, diggers or drills; or

b. Road construction or resurfacing equipment such as graders, scrapers or rollers.

5. Vehicles not described in Paragraph 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

b. Cherry pickers and similar devices used to raise or lower workers.

6. Vehicles not described in Paragraph 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

a. Equipment designed primarily for:

(1) Snow removal;

(2) Road maintenance, but not construction or resurfacing; or

(3) Street cleaning;

b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or

*Archive Copy* © ISO Properties, Inc.,2005                CA 00 01 03 06    □

other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

L. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. "Property damage" means damage to or loss of use of tangible property.

N. "Suit" means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage"; or

2. A "covered pollution cost or expense", to which this insurance applies, are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

O. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

P. "Trailer" includes semitrailer.